# EXHIBIT A



| | | | | |
|---|---|---|---|---|
| Attorney/Firm: ZANGARI COHN CUTHBERTSON DUHL & GRELLO P (011012) | | | | E-Mail: lkearse@zcclawfirm.com  Logout |
| HHD-CV18-6102122-S | | PINO, VIDALYS v. CHIPOTLE SERVICES, LLC | | |
| Prefix: HD5 | Case Type: T90 | | File Date: 10/22/2018 | Return Date: 11/06/2018 |

E-Services Home
E-Services Inbox (9)

Superior Court E-Filing
- Civil/Family
- Housing
- Small Claims

E-File a New Case

E-File on an Existing Case
- By Docket Number
- By Party Name
- List My Cases

Court Events
- By Date
- By Juris Number
- By Docket Number

Short Calendars
- Markings Entry
- Markings History
- My Short Calendars
- By Court Location
- Calendar Notices

My Shopping Cart (0)
My E-Filed Items

Pending
Foreclosure Sales

Search By Property Address

| Case Detail | Notices | History | Scheduled Court Dates | Help Manual |
|---|---|---|---|---|

To receive an email when there is activity on this case, click here.

**Select Case Activity:**

Information updated as of: 11/06/2018

### Case Information
- **Case Type:** T90 - Torts - All other
- **Court Location:** Hartford JD
- **List Type:** No List Type
- **Trial List Claim:**
- **Last Action Date:** 11/06/2018  (The "last action date" is the date the information was entered in the system)

### Disposition Information
- **Disposition Date:**
- **Disposition:**
- **Judge or Magistrate:**

### Party & Appearance Information

| Party | | | No Fee Party | Party Category | Party Type |
|---|---|---|---|---|---|
| P-01 | VIDALYS PINO | | | Plaintiff | Person |
| | Attorney: CICCHIELLO & CICCHIELLO LLP (419987)  364 FRANKLIN AVENUE  HARTFORD, CT 06114 | File Date: 10/22/2018 | | | |
| D-01 | CHIPOTLE SERVICES, LLC | | | Defendant | Firm or Corporation |
| | Attorney: ZANGARI COHN CUTHBERTSON DUHL & GRELLO P (011012)  NEW  59 ELM STREET  NEW HAVEN, CT 06510 | File Date: 11/06/2018 | | | |

**Viewing Documents on Civil, Housing and Small Claims Cases:**

- Documents, court orders and judicial notices in electronic (paperless) civil, housing and small claims cases with a return date on or after January 1, 2014 are available publicly over the internet.* For more information on what you can view in all cases, view the Electronic Access to Court Documents Quick Card.

- For civil cases filed prior to 2014, court orders and judicial notices that are electronic are available publicly over the internet. Orders can be viewed by selecting the link to the order from the list below. Notices can be viewed by clicking the **Notices** tab above and selecting the link.*

- Documents, court orders and judicial notices in an electronic (paperless) file can be viewed at any judicial district courthouse during normal business hours.*

- Pleadings or other documents that are not electronic (paperless) can be viewed only during normal business hours at the Clerk's Office in the Judicial District where the case is located.*

- An Affidavit of Debt is not available publicly over the internet on small claims cases filed before October 16, 2017.*

*Any documents protected by law Or by court order that are Not open to the public cannot be viewed by the public online And can only be viewed in person at the clerk's office where the file is located by those authorized by law or court order to see them.

### Motions / Pleadings / Documents / Case Status

| Entry No | File Date | Filed By | Description | Arguable |
|---|---|---|---|---|
| | 10/22/2018 | P | SUMMONS | |
| | 10/22/2018 | P | COMPLAINT | |
| | 11/06/2018 | D | APPEARANCE NEW  Appearance | |
| 100.30 | 10/22/2018 | P | RETURN OF SERVICE | No |

### Scheduled Court Dates as of 11/05/2018
**HHD-CV18-6102122-S - PINO, VIDALYS v. CHIPOTLE SERVICES, LLC**

| # | Date | Time | Event Description | Status |
|---|---|---|---|---|
| | | | No Events Scheduled | |

Judicial ADR events may be heard in a court that is different from the court where the case is filed.  To check location information about an ADR event, select the **Notices** tab on the top of the case detail page.

Matters that appear on the Short Calendar and Family Support Magistrate Calendar are shown as scheduled court events on this page. The date displayed on this page is the date of the calendar.

All matters on a family support magistrate calendar are presumed ready to go forward.

The status of a Short Calendar matter is not displayed because it is determined by markings made by the parties as required by the calendar notices and the civil or family standing orders. Markings made electronically can be viewed by those who have electronic access through the Markings History link on the Civil/Family Menu in E-Services. Markings made by telephone can only be obtained through the clerk's office. If more than one motion is on a single short calendar, the calendar will be listed once on this page. You can see more information on matters appearing on Short Calendars and Family Support Magistrate Calendars by going to the Civil/Family Case Look-Up page and Short Calendars By Juris Number or By Court Location.

Periodic changes to terminology that do not affect the status of the case may be made.
This list does not constitute or replace official notice of scheduled court events.

**Disclaimer:** For civil and family cases statewide, case information can be seen on this website for a period of time, from one year to a maximum period of ten years, after the disposition date. If the Connecticut Practice Book Sections 7-10 and 7-11 give a shorter period of time, the case information will be displayed for the shorter period. Under the Federal Violence Against Women Act of 2005, cases for relief from physical abuse, foreign protective orders, and motions that would be likely to publicly reveal the identity or location of a protected party may not be displayed and may be available only at the courts.

Chipotle-VP-0001



# SUMMONS - CIVIL
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington St, Hartford, CT 06106 | (860) 548-2700 | November 6, 2018 |

| | | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | Hartford | Major: T  Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Ave, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (860) 296-3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) mreilly@cicchielloesq.com |
|---|---|---|

Number of Plaintiffs: 1   Number of Defendants: 1   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Pino, Vidalys  Address: 812 Mary Shepard Place, Hartford, CT 06120 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Chipotle Services, LLC  Address: Agent: Cogency Global, Inc., 53 Pamela Drive, Milford, CT 06460 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left  Michael J. Reilly | Date signed 10/9/2018 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.  b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.  c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.  d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

Chipotle-VP-0002

| RETURN DATE: NOVEMBER 6, 2018 | : | SUPERIOR COURT |
| --- | --- | --- |
| VIDALYS PINO | : | JD OF HARTFORD |
| V. | : | AT HARTFORD |
| CHIPOTLE SERVICES, LLC | : | OCTOBER 9, 2018 |

## COMPLAINT

<u>COUNT ONE:</u>  Wrongful Termination in Violation of Conn. Gen. Stat. § 31-51q

1. The plaintiff, Vidalys Pino (hereinafter referred to as, "the Plaintiff"), was at all times relevant to this Complaint a resident of the City of Hartford, State of Connecticut.

2. The defendant, Chipotle Services, LLC (hereafter referred to as "the Defendant"), was at all times relevant to this Complaint a foreign corporation organized under the laws and regulations of the State of Colorado, with a principal place of business located at 1457 New Britain Ave, West Hartford, CT 06110.

3. Plaintiff was hired on or about December 2016 and worked through the wrongful termination of her employment, on or about August 22, 2017.

4. Throughout the course of the plaintiff's employment, plaintiff worked for the defendant as a full time Apprentice Manager.

5. Throughout the course of the plaintiff's employment with the defendant, the plaintiff was a good and dependable employee without any form of discipline.

6. Throughout the course of the plaintiff's employment, Katie Stilwell was the plaintiff's supervisor.

7. On or about August 22, 2017, the plaintiff was scheduled to work from 10:40am to 8:00pm.

8. Upon the plaintiff's arrival, the plaintiff noticed that the service manager was having difficulty accepting a truck order into the restaurant so that the restaurant could open on time.

9. The defendant restaurant receives truck orders every day in the morning by 9:45am, before the restaurant opens, to accept produce and meat for the restaurant to serve to its patrons upon opening at 11am.

10. Upon entering the restaurant at approximately 10:45am, before her shift began, the plaintiff noticed that the restaurant was not clean and not ready to be opened to the public and accept patrons.

11. Upon information and belief, as a matter of business practice, the Defendant Company maintains a black book at each of its locations, which contain notes from the manager on duty from the prior shift, and includes notes of supplies that are needed.

12. At approximately 11:20am, the Health Inspector arrived at the restaurant, finding no sanitizer. Given the messy restaurant and issues with accepting the truck order, the Health Inspector's finding no sanitizer was done before the plaintiff could review the black book.

13. Soon thereafter, at approximately 11:30am, plaintiff informed her supervisor, Ms. Stilwell, that the Health Inspector found no sanitizer in the restaurant.

14. According to defendant company policy, the manager on duty the prior evening was responsible for immediately resolving the lack of sanitizer and was instructed to not leave the facility without sanitizer for the next day's shift.

15. The plaintiff was not on duty when the sanitizer ran out on August 21, 2017.

16. Upon the plaintiff's further inspection of the restaurant, plaintiff noted that the grill was missing appropriate logs of heat, which would impact the temperature of food, which was required in order to make the food safe for the defendant company's patrons to eat.

Chipotle-VP-0004

17. The Health Department Inspector informed the plaintiff that they had received a call that someone had gotten sick eating at that restaurant's location.

18. Upon further inspection, plaintiff noticed that the sanitizer solution was also empty in the kitchen, which was necessary to sanitize dishes and utensils.

19. At that time, the Health Department inspector asked the plaintiff whether she wanted to continue to operate the restaurant with the findings and deficiencies, or alternatively, shut down the restaurant until they were able to obtain sanitizer and make the restaurant safe for its patrons.

20. The Health Department inspector stated that the decision was up to the plaintiff, but the inspector recommended shutting the restaurant down as there were multiple violations making the conditions unsafe to the public. The concern was reiterated by the report of possible Salmonella within the store.

21. Plaintiff had concerns about the health and safety of its patrons and the general public and as such, decided to shut down the restaurant so that the restaurant could be made safe and sanitized, and dispose of any contaminated food.

22. At that time, the plaintiff called her general manager and the area manager and informed them of what happened and her decision to shut the restaurant down until it was safe.

23. In response, the area manager expressed extreme displeasure to the plaintiff for closing the restaurant.

24. Thereafter, management appeared at the restaurant at approximately 12:45-1:00pm. Upon arrival, Plaintiff was throwing out food, which management questioned and became upset at the plaintiff. Plaintiff responded that the food was contaminated and that they could not run the risk to serve the contaminated food to the public.

3

Chipotle-VP-0005

25. Thereafter, the area manager approached the plaintiff and informed the plaintiff that her employment was terminated because she closed the store. Present for the termination meeting were the area manager, service manager, general manager and the second manager who was on duty the evening before.

26. Plaintiff plead that the situation that arose was not her fault and beyond her control and that she was trying to do what was right for the health and safety of the public and their patrons.

27. Of note, the defendant company has a history of public food contaminations causing sickness and death.

28. Of further note, the defendant company maintains food safety policies that require safety first with respect to its food and to ensure that the food is free from harmful bacteria that can make people sick.

29. The defendant company stated to the State of Connecticut Department of Labor that it terminated the plaintiff for, "operating a restaurant after realizing that the restaurant was without sanitizer."

30. The Plaintiff spoke out as a citizen on a matter of public concern when raising issues of student safety.

31. The Defendant's termination of Plaintiff's employment is in violation of Conn. Gen. Stat. § 31-51q in that the Defendant terminated the Plaintiff on account of his exercise of her free speech rights under United States and Connecticut Constitutions on matters of public concern.

32. As a result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has suffered lost wages, lost employment benefits, and other consequential damages.

Chipotle-VP-0006

33. As a further result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has suffered emotional distress.

34. As a further result of the Defendant unlawful termination of the Plaintiff's employment, the Plaintiff has been forced to expend attorney's fees and costs to secure her rights as guaranteed by Conn. Gen. Stat. § 31-51q.

**COUNT TWO:**     **Wrongful Termination in Violation of Public Policy**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 30 of above, as Paragraphs 1 through 30 of this Second Count, as if fully set forth herein.

31. The Defendant terminated the Plaintiff in retaliation for exposing the unsanitary environment within the defendant's establishment and for raising health and safety issues and violations.

32. The Defendant's termination of the plaintiff's employment is in violation of the longstanding public policy mandating sanitary places of food distribution as set forth in The Public Health Code of the State of Connecticut.

33. As a result of the aforementioned conduct of the defendant, the plaintiff has suffered a loss of compensation, including but not limited to wages and other fringe benefits.

34. Additionally, as a direct and proximate result of the defendant's actions, as aforesaid, the plaintiff has suffered emotional distress.

35. Furthermore, as a result of the defendants' actions, as aforesaid, the Plaintiff has been forced to incur legal fees and costs in order to obtain the rights to which she is entitled.

Chipotle-VP-0007

THE PLAINTIFF
VIDALYS PINO

By: _____
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris: 419987
Email: mreilly@cicchielloesq.com

| | | |
|---|---|---|
| RETURN DATE: NOVEMBER 6, 2018 | : | SUPERIOR COURT |
| | : | |
| VIDALYS PINO | : | JD OF HARTFORD |
| | : | |
| V. | : | AT HARTFORD |
| | : | |
| CHIPOTLE SERVICES, LLC | : | OCTOBER 9, 2018 |

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff request that the Court assume jurisdiction over this matter and provide him with the following relief:

1. Monetary damages;
2. reinstatement or front pay;
3. punitive damages;
4. attorney's fees and costs; and
5. such other relief as the court deems just and appropriate.

THE PLAINTIFF
VIDALYS PINO

By: _____
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris: 419987
Email: mreilly@cicchielloesq.com

7

Chipotle-VP-0009

| RETURN DATE: NOVEMBER 6, 2018 | : | SUPERIOR COURT |
| --- | --- | --- |
| | : | |
| VIDALYS PINO | : | JD OF HARTFORD |
| | : | |
| V. | : | AT HARTFORD |
| | : | |
| CHIPOTLE SERVICES, LLC | : | OCTOBER 9, 2018 |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims the amount of demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF
VIDALYS PINO

By: /s/ Michael J. Reilly
Michael J. Reilly, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris: 419987
Email: mreilly@cicchielloesq.com

8

chipotle-VP-0010

# STATE MARSHAL RETURN

STATE OF CONNECTICUT )
                           ) ss: Milford                       October 14, 2018
COUNTY OF NEW HAVEN )

    Then and there by virtue hereof and at the special direction of the plaintiff's Attorney on October 14, 2018, I made due and legal service by leaving a true and attested copy of the within Writ, Summons and Complaint and Prayer for Relief and Statement of Amount in Demand with my doings endorsed thereon with and in the hands of JESSICA COLTZ, PRESIDENT of COGENCY GOLBAL, INC, AGENT FOR SERVICE FOR THE WITHIN NAMED DEFENDANT, CHIPOLTE SERVICES, LLC, who accepted service at 53 Pamela Drive, Milford, CT.

    The within and foregoing is the original Writ, Summons and Complaint, Prayer for Relief and Statement of Amount in Demand with my doings endorsed hereon.

                          ATTEST:

                          *Thomas Gahan*
                          THOMAS GAHAN, STATE MARSHAL

FEES:
| | |
|---|---|
| Basic: | $ 40.00 |
| Travel: | 40.00 |
| Pages | 10.00 |
| End | .80 |
| Total | $ 90.80 |

chipotle-VP-0011